**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel D Andrews, et al., | No. CV-24-00995-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Wilson Electric Services Corporation, et al., | |
| Defendants. | |

Currently, Defendants' fully briefed Motion to Decertify the Class (Doc. 156) is pending in this matter.  Following the close of briefing on Defendants' Motion to Decertify, Plaintiffs filed a Motion to File Sur-Reply in Opposition to Defendants' Motion to Decertify the Class (Doc. 150).  Defendants opposed this Motion (*see* Doc. 160), and no reply brief was filed.  More recently, on July 10, 2026, Defendants filed a Motion to Supplement the Motion to Decertify (Doc. 181).  Plaintiffs filed an Opposition (Doc. 185) to Defendants' Motion to Supplement, and Defendants thereafter filed a Reply (Doc. 188). The Court will deny both Motions for the reasons stated below.

## I.     Plaintiffs' Motion to File a Sur-Reply (Doc. 150)

When a party raises new arguments or presents new evidence in a reply to an opposition, the court may allow the other party to address the new arguments or evidence in a sur-reply.  *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003). "Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion." *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D.

Cal. 2007).

Plaintiffs argue that "[i]n reply, Defendants attached new evidence in support of their challenge to commonality, including the declaration of Defendant David Todd Klimas, and the report of Plaintiffs' expert Dana Messina." (Doc. 150 at 2 (internal citations omitted)). Defendants disagree that this evidence is "new," maintaining that the declaration and excerpt from Plaintiffs' expert report respond directly to issues raised in Plaintiffs' Opposition to the Motion to Decertify. (Doc. 160 at 2–4). The Court, in large part, agrees that the evidence is responsive to Plaintiffs' arguments, and, to the extent that any evidence or argument is not fairly responsive, the Court will not consider it. Moreover, the Court recognizes that Defendants provided only a snippet of Plaintiffs' expert report, and this point will factor into how persuasive any support it lends is. Therefore, a sur-reply is not needed nor permitted.

**II.     Defendants' Motion to Supplement (Doc. 191)**

Defendants recently filed a Motion to Supplement the Motion to Decertify. In this Motion, Defendants assert that the supplements accounts "for two crucial developments since the Motion to Decertify was filed in October 2025." (Doc. 191 at 2). According to Defendants, the developments are: 1) "Plaintiffs' proposed class fails the commonality and adequacy prongs" because "current and former employee class members are locked in a zero-sum competition for an economic benefit from any judgment against Defendant Wilson Electric Services Corporation ("WESC")," and 2) "recent circuit-level authority makes clear that, in a case involving claims under ERISA, the commonality inquiry requires courts 'to address whether class members suffered different injuries resulting from their different circumstances arising in the context of a defined contribution plan.' " (*Id.* (citing *Trauernicht v. Genworth Fin. Inc.*, 169 F.4th 459, 474 (4th Cir. 2026)). Alongside their proposed supplement, Defendants also submit a supplemental expert report. (*See* Doc. 184-2).

Plaintiffs point out, in their Opposition, that the deadline to serve expert reports was July 28, 2025, under the Court's Rule 16 Scheduling Order. (Doc. 185 at 3; Doc. 89).

Indeed, the Court's Scheduling Order clearly states that "[f]ull and complete disclosures of such testimony are required on the dates set forth above; absent truly extraordinary circumstances, parties will not be permitted to supplement their expert reports after these dates." (Doc. 28 at 3). And under Rule 26, supplementation or correction of disclosures generally is only permitted "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Of course, "[e]ven after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982). However, the Court is not convinced that Rule 23(a) acts as a vehicle to sidestep Defendants' obligations under Rule 26 or to abide by the schedule set out by the Court. Defendants' reliance on Rule 23 to submit a late-filed expert report is unavailing.

Had Defendant actually demonstrated any new evidence that came to light since the Motion to Decertify, the Court would be more inclined to allow supplemental expert reports. But there is no indication that the supplemental report or Defendants' arguments regarding an intra-class conflict are premised on any information that was not previously available to Defendants. "[S]upplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.' Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this 'does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset).' " *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (citation omitted).

The Court sees no reason to re-open expert discovery and therefore declines to do so. Should new developments come to light that warrant reconsideration of the class, the Court may consider any new information as necessary. *See* Fed. R. Civ. P. 23(c)(1)(C).

- 3 -

This does not mean, however, that other Rules and Court Orders do not equally apply to these proceedings.

To the extent Defendants' Supplement discusses the Fourth Circuit's *Trauernicht* opinion, the Court has noted the case but will not consider Defendants' briefing on the case.

Finally, the Court declines to award Plaintiffs their attorney fees associated with responding to the Motion to Supplement.  The Court agrees with Defendants that, generally, requesting relief in a response to a motion is not appropriate.  And while the Court also agrees with Plaintiffs that the supplemental expert report is untimely and unwarranted, the Motion to Supplement can reasonably be seen as a motion to amend the Scheduling Order.  So, although the attempt was unsuccessful, the Court will not award fees at this time.

In sum, the Court will rule on the Motion to Decertify without sur-reply or supplement.  No further briefing on this matter will be accepted without leave of Court.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to File Sur-Reply in Opposition to Defendants' Motion to Decertify the Class (Doc. 150) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Supplement the Motion to Decertify (Doc. 181) is **DENIED**.

Dated this 7th day of August, 2026.

Honorable Diane J. Humetewa
United States District Judge