**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Daniel D Andrews, et al.,

Plaintiffs,

v.

Wilson Electric Services Corporation, et al.,

Defendants.

No. CV-24-00995-PHX-DJH

**ORDER**

In accordance with the Court's August 14, 2026 Order, Plaintiffs and Defendants both filed their Motions for Summary Judgment and *Daubert* Motions on September 28, 2026. With those Motions, Plaintiffs filed two Stipulations to Seal Materials: one seeking to file under seal two exhibits related to their *Daubert* Motion (Doc. 201), and the other seeking to file under seal 57 exhibits supporting their Motion for Summary Judgment as well as the unredacted version of their Motion (Doc. 206). Defendants likewise seek permission to file under seal "14 exhibits to Defendants' Motion for Summary Judgment ("Motion"), unredacted versions of 8 exhibits to the Motion, and an unredacted version of the Motion" (Doc. 214) and five exhibits related to their *Daubert* Motion and an unredacted version of their *Daubert* Motion (Doc. 218). All of the requests to seal generally state that the material has been identified as confidential pursuant the parties' Protective Order and that in some way, the documents "contain sensitive, non-public information" that justify it being kept from the public. (*See e.g.*, Docs. 201 at 2–3; 206 at 2–6; 214 at 4; 218 at 1–3). The parties note that the Court has previously allowed some of the referenced information

to be filed under seal.

The broad swath of material the parties seek to withhold from the public gives the Court serious pause over liberally granting these requests—even though it has previously allowed some of this information to be filed under seal. The fact that one of the parties has designated information as confidential does not provide the Court with compelling reasons to seal it from public access. And the requests, as is, do not make a particularized showing as to each of the exhibits referenced that the sufficiently shows how the information is so sensitive that it should not be public. This is not to say that any documents will be unsealed at this time; but the Court will not accept generalized reasons pertaining to multiple documents as compelling reasons to seal them. *See Marsteller v. MD Helicopter Inc.*, 2017 WL 5479927, at *2 (D. Ariz. 2017) ("Plaintiffs make blanket requests to seal a large volume of documents, without offering good cause for each document or explaining why entire documents, rather than discrete portions of them, must be sealed.").

With this in mind, the Court denies all four Stipulations and Motions to Seal without prejudice and with leave to re-file. This is for two reasons. First, the Court does not find that the parties have submitted sufficiently particularized reasons for needing to seal each document they wish to seal. Providing generalizations about financial information or personal information as to multiple documents at once does not meet the "compelling reasons" standard. And second, the parties should conduct further review to ascertain what information actually merits protection and pare down their request.

The parties should bear in mind that redactions are preferrable to sealing whole documents and that their designation of documents as "confidential" pursuant to a protective order does not necessarily entitle it to be sealed. *See San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). Lastly, any renewed motions or stipulations to seal should closely follow the requirements set out in LRCiv 5.6.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Joint Stipulations to Seal (Docs. 201, 206) and

Defendants' Motions to Seal (Docs. 214, 218) are **denied without prejudice**.

**IT IS FURTHER ORDERED striking** the redacted Motions for Summary Judgment (Docs. 203, 204, 205, 212, 213) and *Daubert* Motions (Docs. 198, 199, 200, 216, 217).

**IT IS FURTHER ORDERED** that after conducting a good faith review of the material at issue, the parties may re-file any request to seal and/or redacted motions **within ten (10) days of this Order**.

**IT IS FINALLY ORDERED** that the parties shall file future motions, supporting memoranda, and exhibits ***in one filing***. The "Additional Attachment to Main Document" may be used for additional attached exhibits supporting the request for relief in the motion, if necessary.

Dated this 30th day of September, 2026.

Honorable Diane J. Humetewa
United States District Judge