**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Daniel D Andrews, et al.,

Plaintiffs,

v.

Wilson Electric Services Corporation, et al.,

Defendants.

No. CV-24-00995-PHX-DJH

**ORDER**

In accordance with the Court's prior Order, Plaintiffs and Defendants filed four renewed requests to seal documents in support of their dispositive motions, which are now before the Court. Specifically, these requests include: Defendants' Renewed Motion to Seal Confidential Materials in Connection with their Motion for Summary Judgment (Doc. 225); Defendants' Renewed Motion to Seal Confidential Materials in Connection with their Motion to Exclude Reports and Testimony of Dana Messina (Doc. 228); Plaintiffs' Renewed Joint Stipulation to Seal Confidential Materials in Connection with Plaintiffs' Motion to Exclude Certain Expert Opinions of Marcus Piquet (Doc. 231); and Plaintiffs' Renewed Joint Stipulation to Seal Confidential Materials in Connection with Plaintiffs' Motion for Summary Judgment (Doc. 234). The parties do not oppose either's requests to seal, and thus no responses to these Motions were filed.

## I. Background

Plaintiffs have brought this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. On behalf of themselves and other class members,

Plaintiffs claim, in short, that Defendants imprudently invested their retirement funds held in Defendants' employee stock option plan ("ESOP"), particularly the Plan's Other Investments Account ("OIA"). (*See generally* Doc. 154). Defendants dispute Plaintiffs' contentions, arguing instead that the OIA was invested prudently in a manner consistent with the ESOP's goals.

**II. Legal Standards**

The public has a long-standing, "general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). For this reason, the party seeking to file a document under seal "bears the burden of overcoming this strong presumption." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To meet this burden, the moving party must supply the court with "compelling reasons supported by factual findings." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Mere allegations of confidentiality, "without any further elaboration or any specific linkage [to] the documents," do not satisfy this burden. *Kamakana*, 447 F.3d at 1184. Additionally, potential risk of "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal [the] records." *Id.* at 1179.

**III. Discussion**

Having reviewed the renewed Motions and Stipulations along with all the exhibits sought to be filed wholly or partially under seal, the Court appreciates the parties' efforts to winnow down their requests and make use of redactions. The parties have also now made the requisite particularized showing as to each exhibit. These cumulative efforts prove to be successful as the Court finds both Plaintiffs and Defendants stated compelling reasons for sealing the requested materials.

In particular, the exhibits attached to Plaintiffs and Defendants' Motions for Summary Judgment that the parties seek to seal largely concern sensitive business information, Wilson Electric's finances and internal processes, and third-party work products, such as the consultant's proprietary analysis. (*See* Doc. 225 at 3–5; Doc. 234 at

5–10). These types of sensitive information have been acknowledged as those meeting the compelling reasons standard. *See, e.g.*, *Virtru Corp. v. Microsoft Corp.*, 2025 WL 1383793, at *5 (W.D. Wash. May 12, 2025) (sealing portions of depositions that concerned "financial information, internal data, and testimony related to [the defendant's] product bundles"); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 10758114 (N.D. Cal. Aug. 28, 2018) (sealing third-party contract "because they contain proprietary and confidential business information, including potential trade secrets and business practices, such as product rates and purchase requirements").

Additionally, the parties have presented compelling reasons to redact individual's personal information to protect their privacy interests. *See Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

Finally, the parties have identified compelling reasons to redact portions of the expert reports, and related exhibits, that are the subjects of their *Daubert* motions and are utilized in their summary judgment briefing. The expert reports and depositions contain non-party client information and business information and/or sensitive information on Wilson Electric's ESOP or internal processes. *See Johnson v. Quantum Learning Network, Inc.*, 2016 WL 4472993, at *2 (N.D. Cal. Aug. 22, 2016) (sealing "sensitive financial information of non-parties" as well as "sensitive financial information of Defendant that, if made public, could harm Defendant's business interests"). Therefore, the unredacted exhibits may be filed under seal.

Accordingly,

**IT IS ORDERED granting** Defendants' Renewed motion to Seal Confidential Materials in connection with their Motion for Summary Judgment (Doc. 225); Defendants' Renewed Motion to Seal Confidential Materials in connection with their Motion to Exclude Reports and Testimony of Dana Messina (Doc. 228); Plaintiffs' Renewed Joint Stipulation

to Seal Confidential Materials in connection with Plaintiffs' Motion to Exclude Certain Expert Opinions of Marcus Piquet (Doc. 231); and Plaintiffs' Renewed Joint Stipulation to Seal Confidential Materials in connection with Plaintiffs' Motion for Summary Judgment (Doc. 234).

The Clerk of Court is kindly directed to file **under seal** the unredacted motions and exhibits lodged at Docs. 226, 229, 232, and 235.

Dated this 4th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge